HIGHLAND AVENUE AND BELT RAILROAD COMPANY *v.* COLUMBIAN EQUIPMENT COMPANY.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 427.  Submitted November 29, 1897. — Decided January 3, 1898.

An interlocutory order appointing a receiver is not appealable from the Circuit Court of the United States to the Circuit Court of Appeals, and does not become so by the incorporation into it of a direction to the defendant, his agents and employés, to turn over and deliver to the receiver the property in his or their hands.

The facts in this case are as follows: On April 5, 1897, upon a bill duly filed by the Columbian Equipment Company, an interlocutory order was entered in the Circuit Court of the United States for the Northern District of Alabama, appointing Philip Campbell receiver of the property of the Highland Avenue and Belt Railroad Company. Such order, besides the

mere matter of appointment and a description of the property, contained the following provisions :

" The said receiver is hereby authorized and directed to take immediate possession of all and singular the property above described, wherever situated or found, and to continue systematically, in the same manner as at present, the business and occupation of carrying passengers and freight and the discharge of all the duties obligatory upon the said company.

" And the said Highland Avenue and Belt Railroad Company and each and every of its officers, directors, agents and employés are hereby required and commanded forthwith to turn over and deliver to such receiver, or his duly constituted representative, any and all notes, accounts, money or other property in his or their hands, or under his or their control.

" Said receiver is hereby fully authorized to continue the business and operate the railway of said company and manage all its property at his discretion in such manner as will, in his judgment, produce the most satisfactory results consistent with the discharge of the public duties imposed on said company, and to collect and receive all income therefrom and all debts due said company of every kind, and for such purpose he is hereby invested with full power at his discretion to employ and discharge and fix the compensation of all such officers, counsel, managers, agents and employés as may be required for the proper discharge of the duties of his trust.

" Said receiver is hereby fully authorized and empowered to institute and prosecute all such suits as may be necessary in his judgment to the proper protection of the property and trusts vested in him and likewise defend all actions instituted against him as receiver, and also to appear in and conduct the prosecution or defence of any and all suits or proceedings now pending in any court against said company, the prosecution or defence of which will, in the judgment of said receiver, be necessary and proper for the protection of the property and rights placed in his charge, and for the interests of the creditors and stockholders of said company.

" Said receiver is hereby required to give bond in the sum of $10,000, with personal security, or the security of some

responsible guaranty and indemnity company, satisfactory to the clerk of this court, for the faithful discharge of his duties, and is also required to make and file full reports in this court quarterly.

"And the court reserves the right by orders hereinafter to be made, to direct and control the payments of all supplies, materials and other claims and in all respects to regulate and control the conduct of said receiver."

The railroad company appealed from this order to the Circuit Court of Appeals for the Fifth Circuit, which court, on June 16, 1897, certified to this court the following question : "The question upon which instructions are desired and respectfully asked is: was the decree appointing Campbell receiver, above referred to, susceptible of being appealed from on the ground that the said order embraced within its terms an injunction or the necessary equivalent of an injunction ? "

*Mr. Alexander T. London* and *Mr. Samuel A. Putnam* for Highland Avenue Belt Railroad Company.

*Mr. John F. Martin* and *Mr. Henry D. Hotchkiss* for Columbian Equipment Company.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

Is an interlocutory order appointing a receiver appealable from the Circuit Court to the Circuit Court of Appeals ? And if such an order, standing alone, be not appealable, does it become so by the incorporation into it of a direction to the defendant, its officers, directors, agents and employés, to turn over and deliver to the receiver the property in their hands ? These questions must be determined by a consideration of section 7 of the act of March 3, 1891, c. 826, creating Circuit Courts of Appeal, 26 Stat. 517, as amended February 18, 1895, c. 96, 28 Stat. 666. The section provides —

"That where, upon a hearing in equity in a District Court or a Circuit Court, an injunction shall be granted, continued,

refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused in a case in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving or refusing to dissolve an injunction to the Circuit Court of Appeals: *Provided*, That the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court during the pendency of such appeal: *And provided further*, That the court below may in its discretion require, as a condition of the appeal, an additional injunction bond."

Under this section it has been decided that when an appeal is taken from an interlocutory order or decree granting or dissolving an injunction the whole of such interlocutory order or decree is before the Court of Appeals for review, and not simply that part which grants or dissolves the injunction, and that on the hearing in the Court of Appeals that court may consider and decide the case upon its merits. *Smith* v. *Vulcan Iron Works*, 165 U. S. 518; *In re the Tampa Suburban Railroad Company*, *ante*, 583. But each of those cases proceeded upon the fact that there was a distinct order granting, continuing or dissolving an injunction. In the case at bar there is no such order. It is true, following the order of appointment, there is a direction to the defendant, its officers, directors and agents, to turn over to Campbell the property of which he is appointed receiver, but that is only incidental and ancillary to the receivership. This is obvious; for if the court subsequently entered an order, in terms setting aside only the appointment of the receiver, all the other parts of the original order would immediately and without specific mention disappear and cease to have any force. Indeed, the mere appointment of a receiver carries with it the duty on his part of taking possession, and the further duty of those in possession of yielding such possession. So that while as a part of an

order appointing a receiver there is something in the nature of a mandatory injunction, that is a command to the receiver to take and to the defendant to surrender possession, yet such command is not technically and strictly an order of injunction.

The last proviso in the section emphasizes this distinction: "The court below may in its discretion require, as a condition of the appeal, an additional injunction bond." The bond is described. It is not a bond to secure against injuries which may result if a receiver is wrongfully appointed or discharged, but is technically an injunction bond; that is, a bond to answer for damages in case of a wrongful order either granting, continuing or vacating an injunction. Receivership implies possession, and if no bond can be required to guard against loss from taking or surrendering possession it is difficult to perceive the significance of an additional injunction bond in a receivership case. The question is not, whether included in an order appointing a receiver, there may not be, either expressed or implied, some directions of a mandatory character, something in the nature of an injunction, but whether Congress in this legislation provided for appeals in cases other than those in which an injunction, technically speaking, is either the sole or a principal part of the order or decree. Orders granting injunctions and orders appointing receivers are, in the common understanding of the profession, entirely independent. The distinction between the two is clearly recognized in the text books and in the reports. We have separate treatises on injunctions and on receivers. The separation between them is one which runs through the law, and while it is true that the mandatory features which, either expressly or by implication, attend orders appointing receivers, are sometimes made the matter of discussion in treatises on receivers, or the subject of comment in decisions concerning receivers, yet the distinction is never forgotten. Familiar, as it must be assumed to have been, with this generally recognized distinction, Congress, if it had intended that appeals should be allowed from orders appointing receivers, as from orders in respect to injunctions, would doubtless have expressly named such orders. Its omission of the one and the men-

tion of the other is a clear declaration that only one should be the subject of appeal and the other not. And it would savor of judicial legislation to hold that, although Congress has not authorized appeals from orders appointing receivers, the mere fact that in such an order there is a direction of a mandatory character, either expressed or implied, in respect to taking possession, makes it appealable, as an order granting an injunction.

*For these reasons we are of opinion that the question should be answered in the negative, and it will be so certified to the Court of Appeals.*