### HOLMES COUNTY, MISS., v. BURTON CONST. CO.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1921.)

No. 3652.

1. **Abatement and revival** ⇐⇒12—**Personal suit in federal or state court not a bar to second suit in other jurisdiction.**
   A prior suit in personam in a state, or a federal court in the same state, furnishes no ground for a plea in abatement to a second suit in the court of the other jurisdiction.

2. **Courts** ⇐⇒508(2)—**Federal court without jurisdiction to enjoin state suit.**
   The pendency in a federal court of an action by contractors against a county for damages for breach of the contract *held* not to authorize the

---

[6] Quoted with approval by Judge Thompson in Foster Paint & Varnish Co. (D. C.) 210 Fed. 652, 653.

granting of an injunction to restrain prosecution of an action in a state court by the county against the surety on the contractors' bond to recover damages for abandonment of the contract.

3. **Appeal and error** ⊜874(2)—**Order denying dismissal is reviewable on appeal from order granting preliminary injunction.**

On appeal from an order granting a preliminary injunction, an order denying a motion to dismiss for want of equity, made at the same time and also assigned for error, is reviewable.

Appeal from the District Court of the United States for the Southern District of Mississippi; Rufus E. Foster, Judge.

Suit in Equity by the Burton Construction Company against Holmes County, Miss. From an order granting a preliminary injunction, defendant appeals. Reversed, with direction to dismiss bill.

See, also, 267 Fed. 769.

E. F. Noel, of Lexington, Miss., for appellant.

J. G. Holmes, of Yazoo City, Miss., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Holmes county entered into a contract with Burton Construction Company and W. F. Allen to build certain public roads. Said contract called for the giving of a bond for its faithful performance. The National Surety Company executed its bond guaranteeing such performance. The contract was partly performed. The Construction Company and Allen on December 24, 1917, brought suit against the county averring that they had abandoned the contract because of certain breaches thereof by the county and seeking to recover damages, principally prospective profits.

Under certain peremptory instructions from the court the jury found a verdict for the plaintiffs. This court held that said instructions were erroneous, that no breach permitting the abandonment of the contract had occurred, that certain items claimed by plaintiffs were not proper, and remanded the case for a new trial. 267 Fed. 769.

Holmes county brought suit on the bond given by Burton Construction Company and Allen as principals and the National Surety Company as surety, in the chancery court of Holmes county, to recover on such bond because of the alleged failure of said Construction Company and said Allen, to perform said contract, to the damage of the county in a large amount, which was alleged to constitute a breach of said bond. The suit was dismissed, by the county, as to the Construction Company and Allen, and thereafter proceeded against the National Surety Company as sole defendant, as permitted by a Mississippi statute. In said suit a decree pro confesso was taken, which was reversed by the Supreme Court of Mississippi for defective service on the National Surety Company and the case remanded to the chancery court. 120 Miss. 706, 83 South. 8. An answer was filed by the National Surety Company in the early part of 1920.

The case in said chancery court, being subject to trial at a term beginning May 17, 1920, Burton Construction Company, on April 27, 1920, filed a bill in the United States District Court for the Southern

District of Mississippi, seeking to enjoin Holmes county from prosecuting said suit on said bond, on the ground that it involved the same controversy and subject-matter as was involved in the suit previously brought by said Construction Company and Allen against said county in said United States District Court.

The county answered said bill, moving in said answer to dismiss the same on several grounds, particularly insisting that the injunction sought would be in violation of Judicial Code, § 265 (formerly Rev. St. § 720 [Comp. St. § 1242]), forbidding any court of the United States to grant an injunction to stay proceedings in the courts of a state, except where authorized by any law relating to proceedings in bankruptcy; also because the case sought to be enjoined is not between the same parties as that pending in said United States District Court; also because the bill sets forth no case entitling the complainant to the relief sought and there is no equity on the face of said bill.

On the hearing the court granted a preliminary injunction, with leave to the defendant Holmes county to take steps to make said National Surety Company a party defendant to the consolidated actions at law brought by Burton Construction Company and Allen in said United States District Court, to which action, granting such leave, the Burton Construction Company excepted and had its exceptions allowed. Holmes county prosecutes this appeal, assigning error in the granting of said preliminary injunction, and also in overruling said motion to dismiss said bill of complaint.

[1] We think that the court should have denied said injunction and sustained the motion to dismiss said bill for want of equity. Even if the suit in the state and federal courts had been between the same parties, being purely an action in personam, involving, neither in its progress nor in the judgment sought, the control or disposition of any property, the pendency of the suit in the United States court would not, in the absence of special circumstances, furnish ground for an injunction of the state court suit. It has been held that a prior suit in a state or federal court in the same state furnishes no ground for a plea in abatement to a second suit in the court of the other jurisdiction. Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; Gordon v. Gilfoil, 99 U. S. 168, 25 L. Ed. 383; Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, 339, 27 Sup. Ct. 529, 51 L. Ed. 821.

[2] The rule as to injunction from a state or federal court, forbidding the prosecution of suits in the other, is thus stated by the United States Supreme Court:

"The general rule is that state courts cannot enjoin proceedings in the courts of the United States, and this was held at a very early day, in reference to a judgment of the Circuit Court (McKim v. Voorhies, 7 Cranch, 279, 281); while, on the other hand, it was determined that the Circuit Court would not enjoin proceedings in a state court, and any attempt of that kind was forbidden by act of Congress (Diggs v. Wolcott, 4 Cranch, 179; Act of March 2, 1793, c. 22, § 5, 1 Stat. 333, 335)." Moran v. Sturges, 154 U. S. 256, 267, 14 Sup. Ct. 1019, 1022 (38 L. Ed. 981).

In a case where a bill in equity was filed in the United States Circuit Court to enjoin the progress of two suits at law in said court, on the ground that a suit between the same parties, involving the same sub-

ject-matter (i. e., the right to recover the proceeds of two policies of insurance), had previously been instituted and was pending in a court of New York, the bill was dismissed as stating no ground for injunction. The court said:

"The case in the New York Supreme Court, therefore, involved the same controversy as that exhibited in the two Maryland suits; and the complainant here and Whitridge are parties in each. Alike in the bill and in the action at law, it is a vital question whether the insurers are liable for the sums insured by the policies of January, 1872, and whether they are liable to Whitridge as assignee of Brune. * * * But the difficulty in the appellant's way is that, when this case was heard in the court below, the record of the New York case exhibited no final decree. * * * All that appeared, then, was that a bill in equity was pending in a foreign jurisdiction, when the appellee's suits at law were brought to enforce the payment of the policies to Mrs. Barry, rather than to Brune or his assignee, and that both the present complainant and the present defendant were parties to that bill.

"This, we think, was not sufficient to justify the injunction for which the appellant prayed. At law, the pendency of a former action between the same parties for the same cause is pleadable in abatement to a second action, because the latter is regarded as vexatious. But the former action must be in a domestic court; that is, in a court of the state in which the second action has been brought. Maule v. Murray, 7 T. R. 470; Buckner v. Finley, 2 Pet. 586; Browne & Seymour v. Joy, 9 Johns. (N. Y.) 221; Smith et al. v. Lathrop et al., 44 Pa. St. 326.

"The rule in equity is analogous to the rule at law. Story, Eq. Pl. § 741. In Foster v. Vassal, 3 Atk. 587, Lord Hardwicke said: 'The general rule of courts of equity with regard to pleas is the same as in courts of law, but exercised with a more liberal discretion.' In Lord Dillon v. Alvares, 4 Ves. 357, a plea of a pending suit in a Court of Chancery in Ireland was overruled in the English Court of Chancery. Certain it is that the plea of a suit pending in equity in a foreign jurisdiction will not abate a suit at law in a domestic tribunal. This was shown in a very able decision made by the Supreme Court of Connecticut, in Hatch v. Spofford, 22 Conn. 485, where the authorities are learnedly and logically reviewed. See, also, 7 Metc. (Mass.) 570, and 16 Vt. 234.

"If, then, a bill in equity pending in a foreign jurisdiction has no effect upon an action at law for the same cause in a domestic forum, even when pleaded in abatement; if, still more, it has no effect when pleaded to another bill in equity, as the authorities show—it is impossible to see how it can be a basis for an injunction against prosecuting a suit at law. It follows that the refusal of an injunction by the Circuit Court was not erroneous." Insurance Co. v. Brune's Assignee, 96 U. S. 588, 592, 593 (24 L. Ed. 737).

In this case the suit in the United States court was brought by Burton Construction Company and Allen against Holmes county to recover damages for alleged breaches of contract, on the ground that the county had committed such breaches as authorized plaintiffs to abandon the contract and sue for the sums earned thereon and the loss of prospective profits. To this action the only defense set up by the county was the general issue. No set-off was pleaded thereto. This court has held that there had been no such breaches of contract as authorized an abandonment thereof and a suit for prospective profits.

The suit brought by Holmes county is on the bond given by the contractors and the National Surety Company, to recover on it, alleging damage arising from the abandonment of said contract by said contractors. While Burton Construction Company and Allen were named as parties thereto, they were subsequently dismissed, and the case is proceeding alone as to the National Surety Company.

We do not think that this is the same cause of action as that pending in the said United States District Court. The suit in the United States District Court is one by Burton Construction Company and Allen to recover damages against the county. The case in the state court is one on the bond of the Surety Company to recover for alleged damages suffered by Holmes county from an abandonment of the contract, to guarantee the performance of which this bond was given. While the conduct of the contractors and the county in respect to the contract to build the roads is involved, it is not the only question involved. There might be other and different issues between the Surety Company and the county. It certainly is not between the same parties.

No judgment against the Surety Company could be had in the consolidated suits at law pending in the United States District Court. That company could not be made a party thereto, by the defendant, Holmes county, and a suit on its bond injected into this suit for damages between Burton Construction Company and Allen as plaintiffs and Holmes county as defendant. Of the present case it may be truly said:

"This case falls far within the unquestioned rule that the pendency in a state or other court of an action in personam which involves no claim to or lien upon specific property in the possession or under the dominion of a national court of equity, and no issue of which that court has acquired exclusive jurisdiction, presents no ground for a dependent bill to stay it. Stanton v. Embry, 93 U. S. 548, 554, 23 L. Ed. 983; Standley v. Roberts, 59 Fed. 836, 844, 8 C. C. A. 305, 314; Barber Asphalt Paving Co. v. Morris, 66 C. C. A. 55, 58, 132 Fed. 945, 948, 67 L. R. A. 761; Merritt v. Barge Co.. 79 Fed. 228, 233, 24 C. C. A. 530, 535; Green v. Underwood, 86 Fed. 427, 429, 30 C. C. A. 162, 164; Hughes v. Green, 28 C. C. A. 537, 539, 84 Fed. 833, 835; Hubinger v. Central Trust Co., 36 C. C. A. 494, 496, 94 Fed. 788, 790; City of Ogden v. Weaver, 108 Fed. 564, 568, 47 C. C. A. 485, 492; B. & O. Ry. Co. v. Wabash R. Co., 57 C. C. A. 322, 324, 119 Fed. 678, 680; Ball v. Tompkins (C. C.) 41 Fed. 486, 490; Guardian Trust Co. v. Kansas City Southern Ry. Co., 76 C. C. A. 615, 618. 146 Fed. 337, 340." Guardian Trust Co. v. Kansas City Southern Ry. Co., 171 Fed. 43, 50, 96 C. C. A. 285, 292 (28 L. R. A. [N. S.] 620).

[3] As this ruling will finally dispose of this case, and, as error is assigned on the refusal to grant the motion to dismiss for want of equity, not only the order for injunction is reversed, but the case is remanded, with direction to dismiss the bill for want of equity. Smith v. Vulcan Iron Wks., 165 U. S. 518, 524, 17 Sup. Ct. 407, 41 L. Ed. 810; Highland Ave. & Balt. R. R. Co. v. Columbian Equipment Co., 168 U. S. 627, 630, 18 Sup. Ct. 240, 42 L. Ed. 605; Cabaniss v. Reco Mining Co., 116 Fed. 318, 320, 54 C. C. A. 190; Macon, D. & S. R. Co. v. Shailer, 141 Fed. 585, 593, 72 C. C. A. 631.