### FIELD v. KANSAS CITY REFINING CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 29, 1924.)

No. 6426.

1. **Appeal and error ⬳71(4)—Order on petition in receivership proceeding for permission to sue in state court held final.**

An order, on petition in a receivership proceeding for permission to sue receivers and company in hands of receiver, granting the right to commence suit in the state court, but enjoining and restraining petitioner from proceeding with such suit in the state court until further order of court, held appealable under Judicial Code, § 129 (Comp. St. § 1121).

2. **Courts ⬳500—Suits held for possession of property in hands of receiver, and not maintainable in state court without consent of federal court.**

Where property of a street railway was in the custody and possession of receivers of a federal court, a third party was not, without the consent of the federal court, entitled' to sue in the state court under Rev. St. Mo. 1919, § 1970, to have judicially ascertained and determined the right, title, interest, and estate of such third party to and upon certain streets, or for damages sustained from alleged trespasses upon such streets, or in ejectment under Rev. St. Mo. 1919, § 1815; such actions, in essence, being founded upon a claim for property in possession of receivers, notwithstanding Judicial Code, § 66 (Comp. St. § 1048), which is not applicable to suits brought to establish adverse right, title, or interest to property in custody of receiver.

3. **Courts ⬳500—Federal court having rightful possession of res, no other court could interfere.**

The federal court having rightful possession of the res in a receivership proceeding, no other court could interfere with such possession.

4. **Appeal and error ⬳954(1)—Receivers ⬳174(4)—Permission by federal court to sue receiver in state court discretionary.**

Where property of a street railway was in custody and control of receivers of a federal court, it was discretionary with the federal court to permit an action to be brought in the state court concerning the right to property in the possession of the receivers, or to prevent it and have the questions determined in the federal court, and, unless this discretion in granting an injunction against such suits was improvidently exercised, the reviewing court will not interfere.

Appeal from the District Court of the United States for the Western District of Missouri; Kimbrough Stone, Judge.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by the Kansas City Refining Company against the Kansas City Railways Company, in which receivers were appointed to carry on the business and operate the electric railway of the defendant. Petition by Richard H. Field for permission to prosecute suits in the state court against the defendant and receivers. From an order, petitioner appeals. Affirmed.

Richard H. Field, of Kansas City, Mo., pro se.

Charles L. Carr, of Kansas City, Mo. (James E. Goodrich, of Kansas City, Mo., on the brief), for appellees.

Before SANBORN and KENYON, Circuit Judges, and MUNGER, District Judge.

KENYON, Circuit Judge. This is an appeal from an order of the District Court of the United States for the Western Division of the Western District of Missouri in the case of Kansas City Refining Company, Plaintiff v. Kansas City Railways Company, Defendant; said case being one in equity in which receivers were appointed to carry on the business and operate the electric railway of the Kansas City Railways Company, and such other general duties as usually devolve upon a receiver. Appellant filed in said action a petition requesting said District Court of the United States to grant him permission to bring and prosecute suit in the circuit court of Jackson county, Mo., against the Kansas City Railways Company and said receivers, upon three causes of action, viz.:

"(1) A cause of action under section 1970 of the 1919 Revised Missouri Statutes to have judicially ascertained and determined the right, title, interest and estate of petitioner and said railways company and receivers, respectively, in, to and upon the said parts of Main street, Nineteenth street and the intersection of said streets and also to have the court define and adjudge by its judgment or decree the right, title, interest and estate and all claims of petitioner and said railways company and receivers in, to or upon the said parts of said streets and also to an award of full relief thereon;

"(2) A cause of action for damages sustained by petitioner from said alleged trespasses of said railways company and said receivers upon said parts of said streets and the intersection of said streets; and,

"(3) A cause of action for a suit in ejectment against said railways company and said receivers for possession of said parts of said Main street and Nineteenth street and the intersection thereof."

The court made an order on April 6, 1923, the substantial and controversial parts of which are as follows:

"1. The causes of actions set forth in the application of Richard H. Field are, in their essence, founded upon a claim made by Richard H. Field for property now in the possession of the receivers.

"2. Such claim should be asserted in this court in this proceeding.

"3. Richard H. Field, applicant, represents to the court that he is fearful of the jurisdiction of this court to hear and determine the causes of actions referred to in his application.

"4. The court is of the opinion that it has full power and jurisdiction to hear, and fully and finally determine all of the alleged causes of action mentioned in said application.

"Now, therefore, it is by the court ordered:

"(1) Applicant, Richard H. Field, be, and he is hereby, given permission within 30 days from the date hereof to file an intervening petition in this cause, asserting the causes of actions referred to in his application; and

"(2) In order to fully protect the rights of Richard H. Field in the event that it should be hereafter determined that this court is without jurisdiction to hear and determine the causes of actions referred to in applicant's petition, or any one of them, Richard H. Field be, and he is hereby, authorized and permitted, after the filing of the intervening petition referred to in the next preceding paragraph (subject at all times to conditions herein contained), to commence a suit upon said causes of action against the receivers of the defendant and the defendant in the circuit court of Jackson county, Mo., and to have summons issued and served as against the receivers and the defendant; but is not authorized or permitted to proceed further in the prosecution of such cause, or causes of action, unless and until further order of this court permits same to be done; and applicant is enjoined and restrained until the further order of this court from proceeding with said cause in said state court beyond the commencement of said suit in said court, and the issuance and service of summons."

[1] From this order appeal is taken to this court. Appellees move to dismiss said appeal on the grounds:

(a) That said order is not a final order or decision within the meaning of section 128 of the Judicial Code (Comp. St. § 1120), authorizing appeals from final decisions of district courts.

(b) That said order is not an interlocutory order granting, continuing, refusing, dissolving, or refusing to dissolve an injunction, or an order appointing a receiver within the meaning of section 129 of the Judicial Code.

Section 129 of the Judicial Code (Comp. St. § 1121), in part, is as follows:

"Where upon a hearing in equity in a district court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, an injunction, or appointing a receiver, to the circuit court of appeals, notwithstanding an appeal in such case might, upon final decree under the statutes regulating the same, be taken directly to the Supreme Court."

The order of the court heretofore referred to in granting appellant the right to commence action against the receivers of the defendant, and the defendant, in the state court, provides as follows:

"And applicant is enjoined and restrained until the further order of this court from proceeding with said cause in said court," etc.

This order was an appealable one under section 129 of the Judicial Code.

In Western Union Telegraph Co. v. United States & Mexican Trust Co. et al., 221 Fed. 545, 553, 137 C. C. A. 113, 121, this court said:

"Conceding that a restraining order granted without a hearing is not ordinarily appealable, yet a restraining order which is granted, or sustained, or denied after a hearing of the parties, and which in effect and in everything but name, is a temporary injunction, falls within the evident meaning of the statute, and is reviewable by appeal, and the orders in question were of that character."

In this case, not only was the order in effect a temporary injunction, but it was such in name also. See Ward Baking Co. et al. v. Weber Bros. et al., 230 Fed. 142, 144 C. C. A. 440; Davis v. Hayden, 238 Fed.

734, 151 C. C. A. 584; Mississippi Valley Trust Co. v. Railway Steel Spring Co. et al., 258 Fed. 346, 169 C. C. A. 362; Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810; In re Tampa Suburban Railroad Co., 168 U. S. 583, 18 Sup. Ct. 177, 42 L. Ed. 589.

Appellee relies, to sustain the motion to dismiss, largely upon Highland Ave., etc., Railroad v. Equipment Co., 168 U. S. 627, 18 Sup. Ct. 240, 42 L. Ed. 605. There a receiver was appointed by interlocutory order, and incorporated in the order was a direction to the defendant to turn over and deliver to the receiver the property in its hands. It was held that this order was incidental and ancillary to the receivership, and that its inclusion in the order did not make the same appealable. Referring to Smith v. Vulcan Iron Works, 165 U. S. 518, 17 Sup. Ct. 407, 41 L. Ed. 810, and In re Tampa Suburban Railroad Co., 168 U. S. 583, 18 Sup. Ct. 177, 42 L. Ed. 589, the court in 168 U. S. 627, 630, 18 Sup. Ct. 240, 241 (42 L. Ed. 605), said:

"Each of those cases proceeded upon the fact that there was a distinct order granting, continuing or dissolving an injunction."

There is a distinct order in this case granting an injunction.

The order being an appealable one, we pass to the merits of the controversy.

[2] The property of the Kansas City Railways Company was in the custody and possession of the receivers of the federal court. The finding of that court was that the causes of action set forth in the application of appellant "are, in their essence, founded upon a claim made by Richard H. Field for property now in the possession of the receivers." Appellant admits in his brief on page 11 that the property claimed is in the possession of the receivers, but alleges such possession to be tortious and illegal. It stands unquestioned in the record that the actual possession of the property is in the receiver.

Appellant bases his claim to sue in the state court upon three causes of action, which we have hereinbefore set forth. The first is under section 1970, Revised Statutes of Missouri 1919, which is as follows:

"Sec. 1970. *Suits to Determine Interest and Quiet Title—How Instituted— All Rights and Interests May be Determined—Effect of Judgment.* Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, or whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property. And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so ordered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor."

Clearly this cause of action involves the right and title to property in possession of the receivers. Were the action brought in the state court, it would give such court the right to pass on the question of interest and title of appellant in the property possessed by the receivers.

The second cause of action is for trespass against the Kansas City Railways Company and the receivers, said trespass being claimed to be on certain streets. If any right exists on the part of appellant to bring such action, it must be based on a title superior to the right, title, and possession of the Kansas City Railways Company and its receivers in the use of said streets, and again a right and interest in the property in possession of the receivers is involved.

The third cause of action is one in ejectment. Section 1815, Revised Statutes of Missouri 1919, provides:

"An action for the recovery of the possession of premises may be maintained in all cases where the plaintiff is legally entitled to the possession thereof."

While under the law of Missouri title to land may be tried in ejectment, yet the courts hold ejectment to be a possessory action. Evans et al. v. Kunze, 128 Mo. 670, 31 S. W. 123. If successful, said action would oust the receiver of the Kansas City Railways Company of the property in certain streets now occupied by them, and here again the right of possession and title is involved.

[3] As these railway properties were in the possession, control, and custody of the federal court, and as the causes of action, as we have indicated, sought to impair such possession and involved the right, title, and interest of said railways company therein, appellant could not bring the action in the state court except by consent of the federal court. The federal court having rightful possession of the res, no other court could interfere with such possession. We cite a few authorities on this well-established proposition. Wabash Railroad Co. v. Adelbert College, etc., 208 U. S. 38, 54, 28 Sup. Ct. 182, 187 (52 L. Ed. 379):

"When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts."

Edward Murphy, 2d, v. John Hofman Co., 211 U. S. 562, 569, 29 Sup. Ct. 154, 156 (53 L. Ed. 327):

"Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, though it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them."

In Odell v. H. Batterman Co., 223 Fed. 292, 297, 138 C. C. A. 534, 539, much relied on by appellant, the court said:

"Where a court of competent jurisdiction, whether federal or state, takes property into its possession through a receiver appointed by it, the property is thereby withdrawn from the jurisdiction of all other courts."

In Mississippi Valley Trust Co. v. Railway Steel Spring Co. et al., 258 Fed. 346, 169 C. C. A. 362, this court said:

"Property in the hands of a receiver appointed by a court may not be interfered with, even to carry out private agreements, contracts or trusts. ✻ ✻ ✻ Furthermore a court which is administering property already in its hands through a receivership may properly draw to itself all disputes as to liens and other rights upon or pertaining to such property."

See, also, Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; Hitz v. Jenks, 185 U. S. 155, 22 Sup. Ct. 598, 46 L. Ed. 851; Toledo, St. L. & K. C. R. Co. et al. v. Continental Trust Co., and Hamlin et al. v. Continental Trust Co., 95 Fed. 497, 36 C. C. A. 155.

Appellant urges, however, that under section 66 of the Judicial Code (Comp. St. § 1048) he has the right to bring suit in the state court without seeking permission of the federal court. Section 66 is as follows:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

This statute has been construed by the courts as not being applicable to suits brought to establish adverse right, title, or interest to the property in the custody and control of the receiver. The doctrine is perhaps nowhere better expressed than in Buckhannon & N. R. Co. v. Davis, 135 Fed. 707, 710, 68 C. C. A. 345, 348, where, referring to this statute, the court said:

"It was clearly the intention of Congress to restrict the cases wherein suits are to be brought without permission of the court to acts and transactions of the receiver in carrying on the business intrusted to his care, and the statute in question cannot be construed to mean that suits may be brought against a receiver to establish any right to the property which may be placed in his custody without the permission of the court. The property being at all times under the control of the court of administration, it would be absurd to permit the institution of suits in another forum to recover such property or diminish its value."

It should also be noted that the decisions hereinbefore referred to in Wabash Railroad Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379, and Edward Murphy, 2d, v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327, were both after the passage of said section 66. If the contention of appellant is sound, then the federal court is powerless to protect the property in the hands of the receiver, and the very purpose of the receivership to conserve and preserve the property for the benefit of all the creditors is destroyed.

In Dickinson v. Willis et al. (D. C.) 239 Fed. 171, 177, referring to this section, and after a discussion of the various cases, the court said:

"It is true that in most of the foregoing cases questions of property were involved, but I see no distinction between the possession of property and the management of property so far as the questions here involved are concerned."

See, also, Comer v. Felton, 61 Fed. 731, 10 C. C. A. 28; J I. Case Plow Works v. Finks, 81 Fed. 529, 26 C. C. A. 46; Minot v. Mastin, 95 Fed. 734, 37 C. C. A. 234.

Gableman v. Peoria, Decatur & Evansville Railway Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, is cited and relied on by appellant. There the party claimed to have been injured by failure of defendant company to properly operate gates at the crossing. The claim did not involve in any way the question of possession or right of title to property in the possession of the receiver. It related to the negligence of the receiver in failing to properly operate the gates. Neither it nor the other cases cited are authority for the position taken by appellant as to the right to bring action under section 66 in the state court without permission of the federal court.

Nor did the order, in contravention of the doctrine of Adler v. Seaman, et al. (C. C. A.) 266 Fed. 828, compel appellant to intervene. He could intervene or not as he chose.

[4] The discretion rested in the United States District Court to permit action to be brought in the state court or to prevent it and have the questions determined in the United States court. Unless this discretion in granting the injunction order against the defendant proceeding to final determination in the state court was improvidently exercised, this court will not interfere. Duplex Printing-Press Co. v. Campbell Printing-Press & Manufacturing Co., 69 Fed. 250, 16 C. C. A. 220; Thompson v. Nelson et al., 71 Fed. 339, 18 C. C. A. 137; Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co., 72 Fed. 545, 19 C. C. A. 25; Mayor, etc., of Knoxville v. Africa, 77 Fed. 501, 23 C. C. A. 252; City of Shelbyville, Ky. v. Glover, 184 Fed. 234, 106 C. C. A. 376. Appellant relies very strongly on Odell v. Batterman Co., 223 Fed. 292, 138 C. C. A. 534, to sustain the claim that the court abused its discretion. In that case the landlord of the financially embarrassed tenant to conserve whose property receivers had been appointed in the federal court applied for leave to bring an action of ejectment in the state court against the defendant corporation and the receivers. The application for permission to sue in ejectment was denied unless "the landlord wishes a limited permission to begin such action against the tenant alone, to preserve its alleged rights and with the stipulation that the receivers may intervene and temporarily stay the action, during the period that they may be in possession." It was added that the landlord might apply to the court below as having present jurisdiction over the entire property, "for a determination as to the landlord's right of entry (subject to the actual occupation of the receivers), and that issue, if raised, may be properly disposed of upon the answering affidavits after a full hearing." The appellate court held that the order made by the court below was, in effect, a refusal to allow the landlord to have his claim adjudicated. A successful termination of an ejectment suit in the state court under the conditions imposed by the court would have given no right to possession even had the landlord been successful in his case. Likewise in the federal court there might be a determination of the landlord's right of entry, but it was subject to the actual occupation of the receiver. Hence whichever horn of the dilemma the landlord

might choose the receiver remained in possession. Clearly that situation is not anomalous to this, where the court carefully protected the rights of appellant by providing for trial and adjudication in the federal courts.

There was no abuse of discretion in the order of the trial court. Indeed, we think a very wise discretion was exercised protecting appellant against any possible contingency that might arise by virtue of the statute of limitations in case it should ever be held that his causes of action were not triable in the federal court.

The order made and entered by Judge Walter H. Sanborn May 22, 1923, permitting appellant to commence suit in the circuit court of Jackson county, Mo., pending the appeal, is hereby revoked and terminated. The order of the District Court appealed from is

Affirmed.