# United States Court of Appeals
## For the First Circuit

No. 18-1405

ML-CFC 2007-6 PUERTO RICO PROPERTIES, LLC,

Plaintiff, Appellee,

v.

BPP RETAIL PROPERTIES, LLC,

Defendant, Appellant,

v.

JLL PUERTO RICO REALTY GP, INC.;
JONES LANG LASALLE AMERICAS, INC.; LNR PARTNERS, INC.,

Third-Party Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Barron, Circuit Judges.

Alfredo Fernández-Martínez, with whom Carlos R. Baralt Suárez and Gurley & Associates were on brief, for appellant.
Joan Schlump Peters, with whom Nachman & Guillemard, PSC, was on brief, for appellee.

February 28, 2020

**BARRON**, **Circuit Judge**.  This appeal arises from a federal district court's designation of a magistrate judge to "hear and determine" -- pursuant to 28 U.S.C. § 636(b)(1)(A), a provision of the Federal Magistrates Act that provides for limited review by the district court -- a motion to appoint a receiver over certain commercial properties that are the subject of a foreclosure action under Puerto Rico law.  The appellant contends that the motion to appoint a receiver cannot be delegated to a magistrate judge under § 636(b)(1)(A).  The appellant instead contends that the proper delegation of such a motion must be made under § 636(b)(1)(B), which permits a magistrate judge merely to issue a report and recommendation on the motion, subject to the district court's plenary review of any objections.  We vacate and remand for further proceedings.

## I.

In early 2007, the appellee, BPP Retail Properties, LLC ("BPP"), borrowed over $90 million from Countrywide Commercial Real Estate Finance Inc. in order to buy and develop six shopping centers across Puerto Rico.  Those same six shopping centers served as collateral for the loan.

At some point, the appellant, ML-CFC 2007-6 Puerto Rico Properties, LLC ("ML-CFC") became the holder of the loan.  On February 9, 2017, ML-CFC brought a foreclosure action against BPP

under Puerto Rico law in the United States District Court for the District of Puerto Rico, invoking its diversity jurisdiction under 28 U.S.C. § 1332.

ML-CFC alleges that when BPP's loan matured on February 8, 2012, BPP failed to repay the remaining balance. The balance of the loan, ML-CFC asserts, remains outstanding.

After filing the foreclosure action in federal court, ML-CFC moved for the District Court to appoint a receiver over the six real estate properties it sought to recover. In its motion, ML-CFC asserted that it had both a contractual right to the appointment of a receiver[1] under Puerto Rico law and that a receiver

---

[1] In the event of a default, the mortgage deeds to each of the properties provides:

> Mortgagee shall as a matter of right and without regard to the solvency of the Mortgagor or the adequacy of the security for the indebtedness from Mortgagor to Mortgagee, be entitled to the appointment of a receiver for all or any part of the Mortgaged Property, whether such receivership be incidental to a proposed sale of the Mortgaged property or otherwise, and Mortgagor hereby consents to the appointment of such a receiver and agrees that it will not oppose any such appointment. Said receiver shall have the broadest powers and faculties usually granted to a receiver by the court and his/her appointment shall be made by the court as a matter of absolute right granted to the Mortgagee.

Moreover, the Assignments of Leases and Rents for each property provides:

> At any time after the occurrence and during the continuance of an Event of Default, (i)

- 4 -

should be appointed as a matter of equity. BPP opposed the motion by contending that this Court's precedent did not provide for the appointment of receivers solely as a matter of contract and that ML-CFC could not show that it was entitled to the appointment of a receiver as a matter of equity.

Initially, the District Court referred ML-CFC's motion to appoint a receiver to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). That provision permits a district court to refer certain matters to magistrate judges to issue "proposed findings of fact and recommendations for [their] disposition" before entering a final order, with de novo review by the district court of all of the parties' objections to the magistrate judge's report and recommendation. On February 6, 2018, however, the District Court changed course. It determined that the motion to appoint a receiver is the type of "pretrial matter" that a district court may designate a magistrate judge to "hear and determine" pursuant

---

Assignee, without waiving such Event of Default, at its option, upon notice and without regard to the adequacy of the security for the Loan Obligations, either in person or by agent, upon bringing any action or proceeding, by a receiver appointed by a court, or otherwise, may take possession of the Property and have, hold, manage, lease and operate the same on such terms and for such period of time as Assignee may deem proper.

to § 636(b)(1)(A).  That provision allows district courts to "designate a magistrate judge to hear and determine any pretrial matter," such that the magistrate judge's ruling is treated as a final order that can only be modified by a district court if it "is clearly erroneous or contrary to law."  Id.

BPP opposed this designation on the following ground. It pointed out that, although 28 U.S.C. § 636(b)(1)(A) generally authorizes the designation of magistrate judges to "hear and determine any pretrial matter," that provision also bars district courts from designating magistrate judges to "hear and determine" certain enumerated types of motions, notwithstanding that they concern matters that are preliminary to the trial. Section 636(b)(1)(A) states in particular that magistrate judges may not "hear and determine":

> [M]otion[s] for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

BPP argued that the motion to appoint a receiver in this case was encompassed by the exception listed above for a "motion for injunctive relief."  Thus, BPP requested that the District Court "revert[] its decision" and refer the motion to the Magistrate Judge for a report and recommendation pursuant to

§ 636(b)(1)(B), such that the District Court would then review de novo any objections to the Magistrate Judge's recommended findings and conclusions.

The District Court rejected BPP's argument. It determined that the motion to appoint a receiver was a "pretrial matter" under § 636(b)(1)(A) that was not included in the list of excepted motions in that provision, as the District Court found that a receivership is not a form of injunctive relief. In doing so, the District Court concluded that the motion was not "dispositive of the parties' rights." United States v. High Plains Livestock, LLC, No. 15-CV-680 MCA/WPL, 2016 WL 10591975, at *4 (D.N.M. Jan. 11, 2016).

Although § 636(b)(1)(A) does not use the word "dispositive" that the District Court invoked, we note that Federal Rule of Civil Procedure 72, which purports to set forth the appropriate standard of review for magistrate judge rulings, does. Specifically, Rule 72(a), which applies to "pretrial matter[s] [that are] not dispositive of a party's claim or defense," provides that the district court must "modify or set aside any part of" a magistrate judge's decision in such a matter when it "is clearly erroneous or is contrary to law." Rule 72(b), meanwhile, provides that a magistrate judge must "enter a recommended disposition" when assigned "to hear a pretrial matter dispositive of a claim or

defense," objections to which the district court "must determine de novo."

On March 29, 2018, the Magistrate Judge entered an "Opinion and Order" that granted ML-CFC's motion to appoint a receiver for the commercial properties in question. The Magistrate Judge decided the matter solely on the basis of ML-CFC's first argument -- that the loan agreement entitled it to that appointment upon BPP's default -- without reaching the issue of whether ML-CFC was entitled to the appointment as a matter of equity.

At that point, BPP filed motions to stay the appointment of a receiver and to appeal the Magistrate Judge's decision to the District Court. The District Court denied these motions in a short opinion:

> Nothing [BPP] states justifies deviating from the court's original ruling on this matter. The order granting appointment of a receiver was premised on the contractual right as set forth in the loan documents coupled with evidence of default, which based on the court's review of the record, [BPP] did not rebut despite ample opportunity to present evidence it considered favorable. In this way, two judicial officers have examined the evidence: U.S. Magistrate Judge Marcos E. López and the undersigned. But [BPP] failed to make the showing necessary to justify the stay request it has made, as [ML-CFC] has persuasively argued in its opposition, or to demonstrate that the Magistrate Judge's decision should be set aside. [BPP] signed a contract, and must live with the consequences of having done so.

- 8 -

On April 23, 2018, BPP filed an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(2), which allows for the immediate appeal of "orders appointing receivers" to a court of appeals. BPP appeals both the District Court's decision to refer the matter to the Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A) and the merits of whether a receiver should have been appointed pursuant to the contract. BPP does not appeal the denial of its motion for a stay.

We heard oral argument and asked the parties at that time to address an issue not considered in their briefs. That issue concerned whether, if we disagreed with BPP's contention that the appointment of a receiver is a form of "injunctive relief" under § 636(b)(1)(A), and held that the Magistrate Judge could be designated by the District Court to "hear and determine" the motion pursuant to that provision, the Magistrate Judge's determination of that issue would contravene Article III of the federal Constitution, given the limited review that § 636(b)(1)(A) empowered the District Court to exercise over that decision. Following argument, we then called for two subsequent rounds of briefing about the Article III concerns that we had raised at argument. Thus, we have before us BPP's challenge to the District Court's statutory authority to refer the motion to appoint a receiver to the Magistrate Judge under § 636(b)(1)(A) and BPP's challenge to the merits of the ruling granting that motion. But,

- 9 -

we also potentially have before us the lurking Article III issue that concerns whether, even if the Magistrate Judge had statutory authority under § 636(b)(1)(A) to "hear and determine" the motion, the Magistrate Judge was powerless to do so under Article III.

## II.

We start with BPP's challenge to the District Court's statutory authority to designate the Magistrate Judge to "hear and determine" the motion to appoint a receiver pursuant to 28 U.S.C. § 636(b)(1)(A). We do so because, if that challenge has merit, then we would have no occasion to consider either the constitutionality of the designation or the merits of the order granting the motion to appoint the receiver. Our review of this pure question of law is de novo. See Williams v. Beemiller, Inc., 527 F.3d 259, 264 (2d Cir. 2008) (noting that challenges to referrals under 28 U.S.C. § 636(b)(1)(A) implicate "questions of statutory interpretation" and are thus reviewed de novo).

BPP argues that "the appointment of a receiver . . . should be considered -- both procedurally and substantively -- as a preliminary injunction." BPP then contends that the motion at issue is for that reason a motion for "injunctive relief" under § 636(b)(1)(A) and thus that a district court may not delegate the motion to a magistrate judge to "hear and determine" subject only

- 10 -

to its review of whether the magistrate judge's determination was clearly erroneous or contrary to law.

In support of that contention, BPP emphasizes that both the issuance of a preliminary injunction and the appointment of a receiver are "pre-trial remed[ies] in equity," for which the standard of review is abuse of discretion. And, BPP points out, Congress permits parties to take interlocutory appeals with regard to "orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property," 28 U.S.C. § 1292(a)(2), much the same as Congress permits parties to do with regard to preliminary injunctions.

But, BPP provides us with no precedential support for the contention that the appointment of a receiver has historically been viewed as a form of injunctive relief, and, in Highland Ave. & B.R. Co. v. Columbian Equipment Co., 168 U.S. 627 (1898), the United States Supreme Court indicated otherwise. There, the Court considered whether, under a statute that permitted parties to file interlocutory appeals of decisions "granting, continuing, refusing, dissolving, or refusing to dissolve an injunction to the circuit court of appeals," a party could file an interlocutory appeal of an order appointing a receiver. Id. at 629-30 (emphasis added). The Court concluded that an interlocutory appeal could

- 11 -

not be taken from an order appointing a receiver under that statute because injunctions and receiverships:

> are, in the common understanding of the profession, entirely independent. The distinction between the two is clearly recognized in the text-books and in the reports. We have separate treatises on injunctions and on receivers. The separation between them is one which runs through the law, and while it is true that the mandatory features which, either expressly or by implication, attend orders appointing receivers, are sometimes made the matter of discussion in treatises on receivers, or the subject of comment in decisions concerning receivers, yet the distinction is never forgotten. Familiar, as it must be assumed to have been, with this generally recognized distinction, congress, if it had intended that appeals should be allowed from orders appointing receivers, as from orders in respect to injunctions, would doubtless have expressly named such orders.

Id. at 631.

It is true that 28 U.S.C. § 636(b)(1)(A) uses the phrase "injunctive relief" rather than the word "injunction." But, that terminological choice alone does not persuade us that Congress intended to encompass an order to appoint a receiver within the phrase "injunctive relief" when it is clear that, according to Highland, such an order has traditionally been viewed as different from an injunction along a number of dimensions. In fact, BPP's own argument about the current interlocutory appeal statute demonstrates that Congress continues to differentiate between the issuance of an injunction and the appointment of a receiver. See

- 12 -

28 U.S.C. § 1292(a)(1) (providing for interlocutory appeals of orders relating to injunctions); id. § 1292(a)(2) (providing for interlocutory of appeals relating to receiverships).

Nevertheless, we conclude that there is a distinct but closely related basis for deciding that the District Court's referral of the motion to the Magistrate Judge to "hear and determine" subject only to limited review was impermissible. That neither of the parties developed this argument -- until one of them referenced it in their reply brief filed in connection with the second round of supplemental briefing -- does not prevent us from ruling on this basis, especially given that doing so obviates the need for us to address a constitutional question arising under Article III. See U.S. Nat. Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 447 (1993) ("[A] court may consider an issue 'antecedent to . . . and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief." (second alteration in original) (quoting Arcadia v. Ohio Power Co., 498 U.S. 73, 77 (1990))); Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."); The Anaconda v. Am. Sugar Ref. Co., 322 U.S. 42,

46 (1944) (noting that parties "can not stipulate away" what "Congress has so declared").

That distinct basis for so ruling rests on our prior precedent, which accords with the precedents of other courts, addressing the relationship between 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72. As we will explain, that body of precedent construes § 636(b)(1) and Rule 72 in a manner that ensures that magistrate judges may act on what Rule 72(b) refers to as "dispositive" motions only by issuing reports and recommendations, with any objections to those recommendations subject to de novo review by the district court, and that magistrate judges may "hear and determine," subject to more limited review by the district court, only what Rule 72(a) refers to as "nondispositive" motions.

In the first of our decisions in this line of authority, Phinney v. Wentworth Douglas Hospital, 199 F.3d 1, 5 (1st Cir. 1999), we held that a motion for discovery sanctions could, in some circumstances, be delegated to a magistrate judge to "hear and determine" as a "pretrial matter" under § 636(b)(1)(A), such that it would be reviewed only for being clearly erroneous or contrary to law, just as Rule 72(a) contemplates may be the case for motions it terms "nondispositive." We explained that Rule 72 augmented the provisions in the Federal Magistrates Act, "mirror[ing] the standard-of-review taxonomy described in section

- 14 -

636(b)(1)," id., by providing "that a magistrate's order on a nondispositive motion shall be modified or set aside by the district court only if 'found to be clearly erroneous or contrary to law,'" but that "if a party contests a magistrate's proposed findings and recommendations on a dispositive motion, the district judge must 'make a de novo determination,'" id. (emphases added) (quoting Fed. R. Civ. P. 72). We further explained "that the terms dispositive and nondispositive as used in Rule 72 must be construed in harmony with the classifications limned in section 636(b)(1)," id., and that, in consequence, the "dispositive motions" referred to in Rule 72 were not only "those excepted motions specifically enumerated in section 636(b)(1)(A), and no others," id. Rather, we clarified that the "enumeration" of motions in § 636(b)(1)(A) "informs the classification of other motions as dispositive or nondispositive," id. at 6, such that they, too, would be subject to the standard of review for such motions prescribed by Rule 72.

Against that background, we held that the motion for discovery sanctions at issue had been properly delegated under § 636(b)(1)(A) and Rule 72(a) because the magistrate judge acted on the motion by imposing only a small monetary sanction. Id. We did so because such a motion was not expressly "excepted under 28 U.S.C. § 636(b)(1)(A)" and, given the sanction ultimately issued, was not of a type that, "in general," was "of the same genre of the enumerated motions." Id. Accordingly, we treated that motion

as "nondispositive" within the meaning of Rule 72(a), thereby ensuring that the delegation to a magistrate judge to "hear and determine" the motion, subject only to limited review by a district court, would be in harmony with that part of Rule 72. We noted, though, that a motion for discovery sanctions might be subject to Rule 72(b), notwithstanding that it was not specifically excepted from § 636(b)(1)(A), in the event that "a magistrate judge aspire[d] to impose a sanction that fully dispose[d] of a claim or defense," id., apparently on the understanding that such a resolution of a discovery sanctions motion necessarily would render the motion a "dispositive" one within the meaning of Rule 72(b), thereby implicating the requirements of that part of Rule 72.

We then drew upon Phinney's reasoning in PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 13-14 (1st Cir. 2010). We did so in ruling that a motion to stay litigation pending arbitration was a "pretrial matter" that could be delegated to a magistrate judge for a final decision under 28 U.S.C. § 636(b)(1)(A), subject only to review by the district court of whether that decision was clearly erroneous or contrary to law. See id. at 14. And, once again, we did so because we determined that such a motion was not "dispositive" within the meaning of Rule 72(b). See id. We made sure to note, however, that, pursuant to our approach in Phinney, the list of "[d]ispositive" motions in § 636(b)(1)(A) that may not

be delegated to a magistrate judge to "hear and determine" pursuant to that provision is "not exhaustive" of the category, such that Rule 72(b)'s de novo standard of review for "dispositive" motions might apply to a motion that does not appear on the list, due to constitutional concerns associated with allowing "magistrate judges . . . [to] decide motions that are dispositive either of a case or of a claim or defense within a case."  Id. at 13.

Indeed, other courts have similarly recognized that the "[t]he duty to avoid constitutional difficulties when interpreting a statute warrants a narrow reading of the matters in which a magistrate judge may enter orders without de novo Article III review."  Davidson v. Georgia-Pacific, L.L.C., 819 F.3d 758, 763 (5th Cir. 2016).  On that basis, they, too, have favored a construction of § 636(b)(1)(A) that harmonizes it with Rule 72's distinction between the treatment of "dispositive" and "nondispositive" motions and its concomitant use of distinct standards of review for each type.  See id.; Mitchell v. Valenzuela, 791 F.3d 1166, 1168-69 (9th Cir. 2015) ("To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)); Vogel v. U.S. Office Prods. Co., 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining

- 17 -

whether a particular motion is dispositive, this court undertakes functional analysis of the motion's potential effect on litigation. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive.").[2]

Against this background, we conclude that, notwithstanding our construction of "injunctive relief" in § 636(b)(1)(A), ML-CFC's motion is properly deemed "dispositive," despite the District Court's apparent contrary determination.[3] The

_____

[2] A leading treatise provides:

> The rule's deviation from the language of the statute is not merely stylistic or a result of the distinct functions of the Act and the Federal Rules. It is meant to reflect the legislative history of the 1976 amendments, the considerations underlying the differing standards of review, and the body of case law that developed in practice under the provisions of Section 636(b)(1).

12 Charles Alan Wright et al., Federal Practice and Procedure § 3068.2 (3d ed. 2019). Indeed, even before Rule 72 was issued, the Supreme Court understood § 636(b)(1) to differentiate between "dispositive" and "nondispositive" motions. See United States v. Raddatz, 447 U.S. 667, 673-74 (1980) (deeming the eight excepted motions in 28 U.S.C. § 636(b)(1)(A) "dispositive" and suggesting that a "pretrial matter" must be a "nondispositive motion[]").

[3] One might question how the text of 28 U.S.C. § 636(b)(1)(A) permits a motion not listed in § 636(b)(1)(A) that otherwise qualifies as a "pretrial matter" to nonetheless be subject to the standard of review for "dispositive" motions set forth in Rule 72(b) rather than to the clearly erroneous/contrary to law standard of review set forth in Rule 72(a) and § 636(b)(1)(A), especially

motion to appoint a receiver seeks to have a court undertake an action that could have a significant impact on a party's ability to manage and control its property during the course of litigation. And thus, unsurprisingly, the law requires that a court, before it may take such an action, must consider an array of factors as a matter of equity, including the same critical merits-based factor that a court must consider before granting what is clearly, in this context, a "dispositive" motion -- a motion to issue a preliminary injunction. That merits-based factor is a preliminary determination of which party is likely to succeed on the merits. See Consol. Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 326-27

---

given the fact that Rule 72 postdates the enactment of § 636(b)(1). But, as we have noted, Phinney and PowerShare concluded that such treatment was proper for all analogous "dispositive" motions, as have other courts. Moreover, the parties before us have not advanced any argument that those precedents were wrongly decided, nor have they argued that a motion to appoint a receiver is, by analogy to the conducting of voir dire in a felony trial, not a "pretrial matter" under § 636(b)(1)(A) even though it is made in advance of the trial. See Gomez v. United States, 490 U.S. 858, 874 n.28 (1989); United States v. Trice, 864 F.2d 1421, 1427-28 (8th Cir. 1988). We thus follow the parties in proceeding on the assumption that whether the motion is "dispositive" within the meaning of Rule 72 is, well, dispositive of whether this motion is encompassed by the standard of review set forth in § 636(b)(1)(A) rather than § 636(b)(1)(B), even if it is not a type of motion expressly included in the list of motions excepted from § 636(b)(1)(A). Both parties' implicit acceptance of the premise that a motion that is "dispositive" under Rule 72 must also not be determinable by a magistrate judge without de novo review under § 636(b)(1)(B) strengthens our conclusion that it is appropriate for us to resolve the case on the basis that the motion at issue is "dispositive" even if the parties elected to focus their arguments elsewhere.

- 19 -

(1st Cir. 1988) (listing factors to be considered "when determining the appropriateness of the appointment of a receiver," which includes, among others, "imminent danger that property will be lost or squandered, the inadequacy of available legal remedies, . . . the plaintiff's probable success in the action[,] and the possibility of irreparable injury to his interests in the property" (internal citations omitted)); 75 C.J.S. Receivers § 4 (2019).

Of course, in this case, the Magistrate Judge purported to base the granting of the motion to appoint a receiver on the contract between the parties rather than on an equitable determination. But, that fact makes the order here no less based on the merits of the underlying foreclosure action and thus no less "dispositive" in the relevant respect than a motion for a preliminary injunction.

The Magistrate Judge granted the motion to appoint the receiver as a matter of contract only after determining, in accord with the contract, that there was an adequate showing that BPP had defaulted on the loan. As that preliminary determination about whether there was such a default is central to the merits of the foreclosure action itself, the fact that the motion was granted on the basis of the contract fails to provide a basis for concluding that the motion was not, on this record, a "dispositive" one in the relevant sense.

Thus, because a motion for a preliminary injunction is a motion encompassed by the list of prohibited motions in 28 U.S.C. § 636(b)(1)(A), and because we must construe that list to "inform[] the classification of other motions as dispositive or nondispositive," Phinney, 199 F.3d at 6, we conclude that this motion to appoint a receiver was "dispositive" under Rule 72.[4] And, in light of Phinney, PowerShare, and the related precedents from other courts, we thus do not reach the merits of whether the Magistrate Judge's decision was correct. Rather, in harmony with Rule 72(b) and in accord with 28 U.S.C. § 636(b)(1), "we remand for the district court to apply de novo review to the magistrate judge's unauthorized order," after the parties have had a fresh chance to submit objections to that order. United States v. Rivera-Guerrero, 377 F.3d 1064, 1071 (9th Cir. 2004).[5]

---

[4] Motions to remand a case to state court are also generally not thought to be dispositive of a claim or defense, but that has not stopped other circuit courts from treating them as "dispositive" under Rule 72(b) in order to avoid constitutional questions. See First Union Mortg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000) ("Section 636 and Rule 72 must be read, where possible, so as to avoid constitutional problems, and '[t]he Constitution requires that Article III judges exercise final decisionmaking authority.'" (alteration in original) (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1463 (10th Cir. 1988))).

[5] We note that although ML-CFC has argued throughout this litigation that the motion to appoint a receiver was "nondispositive" and therefore delegable as a "pretrial matter" under § 636(b)(1)(A), it has made no argument that, if the matter were "dispositive," then it was still proper for the Magistrate Judge to hear and determine the motion without de novo review

## III.

We **vacate** the District Court's decision overruling BPP's objections to the Magistrate Judge's order and **remand** for further proceedings consistent with this opinion. No costs are awarded.

---

rather than for the magistrate judge to merely issue a report and recommendation on the motion to be reviewed in accord with Rule 72(b). And, of course, BPP is in no position to object to the approach we take here in light of its arguments in favor of treating this motion as one that may be given to a magistrate judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (noting that the doctrine of judicial estoppel may be used to "prohibit[] parties from deliberately changing positions according to the exigencies of the moment" (citing United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993)).