# United States Court of Appeals

## For the First Circuit

No. 20-1239

IN RE:  EX PARTE APPLICATION OF PORSCHE AUTOMOBIL HOLDING SE FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

PORSCHE AUTOMOBIL HOLDING SE,
Petitioner, Appellee,

v.

JOHN HANCOCK LIFE INSURANCE COMPANY (USA); JOHN HANCOCK
ADVISERS, LLC; JOHN HANCOCK INVESTMENT MANAGEMENT SERVICES, LLC,
Respondents, Appellants,

FPCAP LLC; FINEPOINT CAPITAL LP; FINEPOINT PARTNERS LLC,
Respondents.

_____

No. 20-1241

IN RE:  EX PARTE APPLICATION OF PORSCHE AUTOMOBIL HOLDING SE FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

PORSCHE AUTOMOBIL HOLDING SE,
Petitioner, Appellee,

v.

FINEPOINT CAPITAL LP; FINEPOINT PARTNERS LLC; FPCAP LLC;
JOHN HANCOCK LIFE INSURANCE COMPANY (USA);
JOHN HANCOCK ADVISERS, LLC;
JOHN HANCOCK INVESTMENT MANAGEMENT SERVICES, LLC,
Respondents,

JOHN HANCOCK WORLDWIDE INVESTORS PLC; CRAIG BROMLEY, as Trustee
for John Hancock Variable Insurance Trust,
John Hancock Funds II, John Hancock Funds III, and
John Hancock Strategic Series for JHF Income Fund,

Interested Parties, Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Olav A. Haazen, Alice Y. Lee, and Grant & Eisenhofer P.A., on brief for appellants John Hancock Life Insurance Company (USA); John Hancock Advisers, LLC; John Hancock Investment Management Services, LLC; and for interested parties John Hancock Worldwide Investors PLC; and Craig Bromley, as trustee for John Hancock Variable Insurance Trust, John Hancock Funds II, John Hancock Funds III, and John Hancock Strategic Series for JHF Income Fund.
Suhana S. Han, Robert J. Giuffra, Jr., and Sullivan & Cromwell LLP, and Nolan J. Mitchell and Nelson Mullins Riley & Scarborough LLP on brief for appellee Porsche Automobil Holding SE.

January 15, 2021

KAYATTA, **Circuit Judge**.  These appeals require that we consider challenges to a district court's discretionary rulings in connection with a request under 28 U.S.C. § 1782 to conduct court-ordered discovery for use in a foreign proceeding.  The foreign proceeding is one of approximately 200 separate securities fraud actions brought against Porsche Automobil Holding SE ("Porsche") in Germany in 2016 (the "German Actions").  The German Actions arose out of Porsche's alleged malfeasance in connection with so-called "defeat devices" employed to circumvent emissions testing in certain diesel vehicles manufactured by Volkswagen AG.  In this stateside litigation, the district court granted in part Porsche's request for discovery in the United States from affiliates ("the Hancock Affiliates") of three John Hancock funds who are plaintiffs in the German Actions ("the Hancock Plaintiffs").  This appeal followed.  After careful consideration, we find no reason to upset the well-reasoned decisions of the district court.

## I.

In June 2020, Porsche moved ex parte in the District of Massachusetts to obtain an order compelling discovery under section 1782 from (among others not party to this appeal) the following Hancock Affiliates:  John Hancock Advisers, LLC and John Hancock Investment Management Services, LLC, which are investment managers for various German Plaintiffs, and John Hancock Life Insurance Company (USA), an entity that maintains records of

securities transactions for the John Hancock Funds. The Hancock Affiliates are not parties to the German Actions. Rather, as corporate affiliates of the Hancock Plaintiffs, they provide investment advice and management services. Porsche sought discovery from the Hancock Affiliates regarding the trading activities of, and strategies employed on behalf of, the Hancock Plaintiffs.

After the district court granted Porsche's application for discovery, Porsche served relevant subpoenas. The Hancock Affiliates then moved to vacate or modify the district court's order granting the subpoenas, so as to quash or modify the discovery. The Hancock Affiliates also sought reciprocal discovery. The Hancock Plaintiffs purported to "informally join" the motion to vacate or modify, but did not file any motion to intervene. The district court referred the Hancock Affiliates' motion to a magistrate judge, who conducted a hearing and issued a detailed report.[1] The magistrate judge found that some of Porsche's discovery requests were overbroad, but that some discovery was, nevertheless, warranted. The magistrate judge therefore recommended that a pared-down version of the requests be

---

[1] The magistrate judge actually issued orders with respect to both the motion to quash and the subsequent motion to intervene. However, on appeal, the district court judge effectively treated both orders as reports and recommendations. We have adopted the district court's nomenclature.

- 4 -

allowed, subject to a confidentiality order. The Hancock Affiliates timely sought de novo review by the district court; in turn, the magistrate judge stayed any ordered discovery pending that review.

While the district court's review was pending, and five-and-a-half months after the motion to quash was filed, the Hancock Plaintiffs sought to intervene. The magistrate judge recommended denying the motion, finding that it was untimely and that it was simply an attempt to relitigate the magistrate judge's decision on the motion to quash. Agreeing with the magistrate judge, the district court issued orders on February 19, 2020, denying both the motion to intervene and, in large part, the motion to quash.[2]

The Hancock Plaintiffs now appeal the denial of their motion to intervene, while the Hancock Affiliates appeal the district court's rulings granting section 1782 discovery and denying reciprocal discovery. For the following reasons, we affirm both rulings by the district court.

## II.

### A.

We consider first the Hancock Plaintiffs' appeal of the denial of their motion to intervene. The Hancock Plaintiffs

---

[2] The district court found that the magistrate judge properly ordered the parties to narrow a certain definition at issue in the subpoenas and to meet and confer about the scope of discovery.

contend that the district judge failed to conduct de novo review of the magistrate's report and recommendation denying that motion. But the district court explicitly stated that "[a]fter de novo review of [the magistrate judge's] Memorandum and Order . . . , which the Court treats as a Report and Recommendation, the Court ADOPTS [the magistrate judge's] opinion and DENIES the motion to intervene . . . . Her meticulous and thorough analysis is correct." Undeterred, the Hancock Plaintiffs ask us to vacate the district court's ruling because the district court did not expressly say that it reviewed the record and memoranda de novo.

We are unimpressed. Courts regularly say that they will engage in de novo review of an order without belaboring the point that such a review obviously encompasses an independent examination of the memoranda and the relevant record. In the very case the Hancock Plaintiffs cite, we ourselves described the de novo review required as review of the "order." ML-CFC 2007-6 P.R. Props., LLC v. BPP Retail Props., LLC, 951 F.3d 41, 49 (1st Cir. 2020) ("[W]e remand for the district court to apply de novo review to the magistrate judge's unauthorized order . . . ."). The Hancock Plaintiffs' reliance on different wording in the district court judge's ruling on the discovery motion -- where the judge reviewed "the record in this case" -- and in the ruling on the motion to intervene -- where the judge stated that the court conducted "de novo review of [the magistrate judge's] Memorandum

and Order" -- is misplaced. This difference hardly means that by not expressly describing his review of the record for the motion to intervene, the district court judge indicated that he failed to conduct such a review. And if there were any doubt on the matter, it would be allayed by the dozens of record citations contained in the district court's order.

This "failure to provide proper de novo review" argument, as the Hancock Plaintiffs' lead argument, resembles the thirteenth chime on a clock: You not only know it is wrong, but it also causes you to wonder about everything else you hear from that clock. Nevertheless, we briefly consider the Hancock Plaintiffs' other principal argument -- that in finding the motion to intervene untimely, the district court failed to recognize that the Hancock Plaintiffs initially believed their interests would be adequately represented by the Hancock Affiliates, and that only after the district court largely denied the Hancock Affiliates' motion to quash (relying in part on the Hancock Affiliates' status as non-parties to the German Actions) did the Hancock Plaintiffs appreciate that they, as plaintiffs in the German Actions, might have an interest imperiled by the instant litigation. But the Hancock Plaintiffs' too-clever-by-half attempt to "informally" join in the proceeding while nevertheless holding it at arm's length belies this contention. In any event, the district court concluded in its discretion that the Hancock Plaintiffs'

intervention would have had no material impact on the outcome of the motion to quash, presumably because the discovery was sought from the Respondents, not the Plaintiffs. The Hancock Plaintiffs offer no convincing rejoinder to that conclusion.

We have considered the other arguments floated by the Hancock Plaintiffs in their effort to challenge the district court's exercise of its wide discretion in ruling de novo on the motion to intervene. Finding none that rise to a level that would require further attention, we find no abuse of discretion in the district court's denial of the Hancock Plaintiffs' motion to intervene.

**B.**

We turn now to the Hancock Affiliates' appeal of the denial of their motion to quash. We review that denial for abuse of discretion, unless it rests on an interpretation of law, in which case we apply de novo review. In re Schlich, 893 F.3d 40, 46 (1st Cir. 2018).

Section 1782 authorizes district courts to order persons residing in their district to participate in discovery "for use in a proceeding in a foreign or international tribunal" when an application for such discovery is made by a foreign or international tribunal, or by "any interested person." 28 U.S.C. § 1782(a). Once the statutory requirements are satisfied, district courts have discretion to grant section 1782 discovery.

In exercising this discretion, courts consider (1) whether the discovery is sought from a participant in a foreign proceeding (thereby suggesting that the foreign tribunal might obtain the discovery "absent § 1782(a) aid"); (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad" to assistance from U.S. federal courts; (3) whether a section 1782 request "conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States"; and (4) whether the subpoena contains "unduly intrusive or burdensome requests." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264‑65 (2004); see also In re Schlich, 893 F. 3d at 46–47.

The district court did not abuse its discretion in finding that Porsche met the statutory requirements of section 1782(a), nor did it abuse its discretion in weighing the Intel factors. See In re Schlich, 893 F.3d at 52 (applying an abuse-of-discretion standard to review of a dispute over Intel factors). The magistrate judge and the district court each applied the correct legal standard, carefully considered the relevant factors, and came to well-reasoned conclusions. Of note, the district court did not approve sweeping discovery without limitations; instead, the district court ordered the parties to confer and to narrow certain definitions. The Hancock Affiliates

argue about whether the German tribunal actually requested the information sought by Porsche. But they raise no plausible argument that the information sought would not be welcomed for use in the proceedings in that tribunal. Instead, they argue that the information cannot meet section 1782's "for use" requirement as the evidence will not be relevant for at least five years, given the Hancock Affiliates' estimates of the projected duration of various portions of the German Actions. But as this litigation shows, a party seeking discovery need often leave time to overcome persistent resistance, and <u>Intel</u> requires only that the proposed discovery's use be "within reasonable contemplation." 542 U.S. at 259.

The Hancock Affiliates argue that the district court should have deemed all Hancock entities to be one and the same entity, so that documents possessed by the Hancock Affiliates might be deemed to be within the control of the Hancock Plaintiffs, who are in turn within reach of the German tribunal. At least in the absence of a more compelling showing, we see no abuse of discretion in rejecting this veil-piercing argument when tendered by those who wove the veil in the first instance.

The Hancock Affiliates also complain that the district court looked at whether the documents sought by Porsche were within the jurisdictional reach of the German tribunal, rather than whether the "discovery [was] sought [from] a participant in the

[German] proceeding." Intel Corp., 542 U.S. at 264. This is a strange complaint. Given that the Hancock Affiliates, from whom discovery is sought, are not themselves participants in the German proceeding -- a fact which weighs in favor of granting § 1782(a) -- it could only have worked to the Hancock Affiliates' benefit for the district court to have considered whether the documents themselves might nevertheless somehow have been within the reach of the German tribunal.

The Hancock Affiliates next contend that the district court erred in refusing to exercise its discretion to order reciprocal discovery from Porsche. The asserted error arises from the fact that the court, in so deciding, noted that Porsche, unlike the Hancock Affiliates, is already subject to the jurisdiction of the German tribunal. The Hancock Affiliates argue that this was error because the location of the documents abroad is not, without more, a valid reason to reject reciprocal discovery. The simple answer is that there was more: The district court expressly found that the Hancock Affiliates had failed to explain to either the magistrate or the district court the "specif[ic] [] purpose this [reciprocal] discovery serves." Such a complete failure by itself justifies denial of the reciprocal request.

The Hancock Affiliates do make one point worth further discussion: The German Actions have evolved into a form of class action, with a test-case approach, leaving most investors as

passive free riders on questions of liability, in a way that is (somewhat) similar to a class action under Federal Rule of Civil Procedure 23. And courts should be attentive to the possibility of abuse when discovery is targeted directly or indirectly at passive class members. See 3 William B. Rubenstein, Newberg on Class Actions § 9:11 (5th ed. 2020); see also In re Modafinil Antitrust Litig., 837 F.3d 238, 257 (3d Cir. 2016) (citing Clark v. Universal Builders, Inc., 501 F.2d 324, 340—41 (7th Cir. 1974), for the proposition that defendants must show that discovery sought from unnamed class members is not requested "as a tactic to take undue advantage of the class members or as a stratagem to reduce the number of claimants"); Fishon v. Peloton Interactive, Inc., 336 F.R.D. 67, 70 (S.D.N.Y. 2020) ("[C]ourts must be careful to avoid the in terrorem effect of extensive absent class member discovery, creating the risk that absent class members could proactively choose to opt out of the class action for fear that if they do not do so, they will be subjected to vexatious or at least burdensome discovery practice."). This is why courts that allow discovery from absent class members in actions under Federal Rule of Civil Procedure 23 have allowed such discovery only after considering multiple factors, including whether the defendant has a good faith purpose and whether the request is unduly burdensome. See Rubenstein, supra, §§ 9:11, 9:13; see also id. § 9:15.

Porsche, though, in seeking discovery concerning the Hancock Plaintiffs, has targeted what Porsche tells us is one of the largest group of investors in the German Actions, with a damage claim of about 6 million euros. Nor, for that matter, are the Hancock Plaintiffs individuals who passively found themselves in a class action without themselves initiating suit. The German tribunal, too, has signaled that it is receptive to receiving a real example of the type of trading activity and strategy that Porsche claims exists and would reduce claimable damages. Given these facts, we do not think that the district court abused its ample discretion in deciding whether or not to allow the discovery.

All in all, the district court's judgments are quintessentially the types of discretionary adjudications made by district courts in resolving discovery disputes. Even when such rulings could have gone either way in the district court, they rarely provide suitable fodder for successfully sustaining an appeal.

## III.

For the foregoing reasons, we <u>affirm</u> the district court's orders denying the Hancock Plaintiffs' motion to intervene and denying in part the Hancock Affiliates' motion to quash.